IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ENZZO ENMANUEL DE JESUS LOPEZ-AREVELO, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-25-CV-337-KC |
| § § | |
| GARRETT RIPA, et al., § § § | |
| Respondents. § | |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

On this day, the Court considered Enzzo Enmanuel de Jesus Lopez-Arevelo's Petition for a Writ of Habeas Corpus and Request for Emergency Temporary Restraining Order ("TRO Request"), ECF No. 1.

### I.     BACKGROUND

Lopez-Arevelo, a Venezuelan citizen, presented himself to immigration officials at the United States-Mexico border on August 8, 2022. *Id.* ¶¶ 44, 46. On August 10, 2022, Lopez-Arevelo was released from immigration custody after an interview with immigration officials. *Id.* ¶ 46. Shortly thereafter, Lopez-Arevelo applied for asylum and withholding of removal, which remains pending. *Id.* On August 7, 2025, claiming to be a victim of labor trafficking, Lopez-Arevelo filed a Form I-914 Nonimmigrant Visa application. *Id.* ¶ 51. Lopez-Arevelo's trafficking allegations remain under investigation by the Maryland Office of the Attorney General. *Id.* ¶ 50. One day after submitting his application, on August 8, 2025, Respondents initiated removal proceedings against Lopez-Arevelo. *Id.* ¶ 52. Lopez-Arevelo then attended a scheduled removal hearing, at which United States Immigration and Customs Enforcement ("ICE") terminated the prosecution and the Immigration Judge dismissed the removal

proceedings. *Id.* ¶ 53. Lopez-Arevelo exited the courtroom and was immediately detained by ICE agents. *Id.* ¶ 54. Since then, Lopez-Arevelo has remained in ICE detention and has been moved from the "Alligator Alcatraz" detention center in South Florida to the El Paso Service Processing Center in El Paso, Texas, where he is currently detained. *Id.* ¶¶ 1, 55, 56. On August 21, 2025, Lopez-Arevelo signed voluntary deportation papers but alleges that he was coerced into doing so through threats that if he did not sign, he would be deported to Mexico. *Id.* ¶ 57. At some point, Lopez-Arevelo filed an appeal with the Board of Immigration Appeals ("BIA"), challenging his detention. *Id.* ¶ 72.

On August 22, Lopez-Arevelo initiated this habeas action and filed the TRO Request. Lopez-Arevelo claims that he is entitled to be released from detention on due process and habeas corpus grounds. *Id.* ¶¶ 60-69, 72. Lopez-Arevelo also seeks a TRO preventing Respondents from deporting him from the United States. *Id.* at 16.

## II.     DISCUSSION

Constitutional protections generally apply to all people within the jurisdiction of the United States regardless of immigration or citizenship status. *See Plyler v. Doe*, 457 U.S. 202, 2010 (1982). Although federal district courts do not generally have subject matter jurisdiction over removal orders issued by an immigration court, "an alien . . . [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); 28 U.S.C. § 2241(a); U.S. Const. art. I, § 9, cl. 2.

Lopez-Arevelo avers that he has at least two pending immigration applications, but he does not challenge any related orders here. Instead, Lopez-Arevelo argues that he has been denied procedural due process and that his habeas corpus rights have been violated by his current detention and the manner by which this detention was effectuated. *See generally* TRO Request.

At this stage, it is unclear whether this Court has jurisdiction to provide the requested relief. But even if this Court ultimately lacks jurisdiction, it retains the authority to preserve the status quo until that determination is made. A federal court can always determine its own jurisdiction and may order a respondent to preserve the status quo to enable it to do so. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is especially true where the action temporarily enjoined by the Court, if allowed to take place, would destroy jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

In recent weeks, courts across the country faced with immigration habeas petitions like this one have relied on similar authority to prevent the petitioner's removal from the country or transfer from the jurisdiction in which the petition is pending, until the petition can be fully considered. *See e.g.,* Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631-BEM(D. Mass. June 5, 2025), ECF No. 5. Other courts have enjoined deportations pending consideration of immigration habeas petitions under the All Writs Act, 28 U.S.C. § 1651(a). *See Batooie v. Ceja*, No. 25-cv-2059, 2025 WL 1836695, at *2 (D. Col. July 3, 2025); Minute Order, *Castellon v. Kaiser*, No. 25-cv-968 (E.D. Cal. Aug. 6, 2025), ECF No. 4; Minute Order, *Hernandez v. Wofford*, No. 25-cv-986 (E.D. Cal. Aug. 11, 2025), ECF No. 6; *see also Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *1-4 (W.D. Wash. Apr. 26, 2025) (granting similar TRO under a Rule 65 analysis).

The Court finds these decisions persuasive. In order to ensure the ability to meaningfully assess Lopez-Arevelo's Petition, the Court finds that Petitioner's TRO Request should be granted. To the extent a bond may be required under Federal Rule of Civil Procedure 65(c), that

requirement is waived. *See, e.g.*, *Sepulveda Ayala*, 2025 WL 1207655, at *4 (waiving bond under similar circumstances).

### III.   CONCLUSION

Accordingly, Lopez-Arevelo's TRO Request, ECF. No. 1, is **GRANTED**. The Court **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Lopez-Arevelo from the United States, or (2) transfer Lopez-Arevelo to any facility outside the boundaries of the Western District of Texas. Unless otherwise ordered, this Temporary Restraining Order expires at **11:59 p.m. on September 8, 2025**. *See* Fed. R. Civ. P. 65(b)(2).

To the extent Respondents have not been served, the Court **ORDERS** that the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that this case is **SET** for a **HEARING** on **Monday, September 8, 2025, at 1:00 p.m.** in Courtroom 522, United States Courthouse, 525 Magoffin Ave., El Paso, Texas 79901. The attorneys should come to the hearing prepared to discuss the merits of this case and present any evidence.

**IT IS FURTHER ORDERED** that Respondents shall file a response on the docket to **SHOW CAUSE** why the application for a writ of habeas corpus should not be granted by **no later than Tuesday, September 2, 2025**.[1]

---

[1] District courts regularly exercise discretion in extending response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243."). The Court does so here in order to provide Respondent an adequate opportunity to address the issues.

**IT IS FURTHER ORDERED** that Petitioner may file a reply in support of his Petition by **no later than Thursday, September 4, 2025.**

**SO ORDERED**.

**SIGNED** this 26th day of August, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5