IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ENZZO ENMANUEL DE JESUS LOPEZ-AREVELO, § § § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-25-CV-337-KC |
| § | |
| GARRETT RIPA, et al., § § | |
| Respondents. § | |

**ORDER**

On this day, the Court considered Petitioner Enzzo Enmanuel de Jesus Lopez-Arevelo's Motion to Appear Virtually, ECF No. 15. Petitioner's attorneys seek permission to appear at the September 8, 2025, hearing virtually because they live in Houston and Washington, D.C. *Id.* at 1. This is a complex and serious case, implicating Petitioner's liberty and due process rights on the one hand, and the power of the Executive Branch to enforce U.S. immigration law, on the other. The parties' briefing so far raises disputes of both fact and law. Respondent will produce Petitioner himself at the hearing, and he may be called to testify. *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

In this context, the Court finds that it would better serve the ends of justice for all attorneys, parties, and witnesses to appear in person to present argument and evidence. *Cf. Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 19-cv-216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021) ("The decision whether to allow remote testimony . . . lies within the district court's discretion." (citing *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013))).

Accordingly, the Motion is **DENIED**. It is not necessary for all four of Petitioner's attorneys to appear at the September 8 hearing, but those who appear must do so **in person**.

    **SO ORDERED**.

    **SIGNED this 3rd day of September, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE